826 F.2d 1063
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ray Kennon HAM, Plaintiff-Appellant,
v.
Warden John REES, et al., Defendants-Appellees.
 No. 86-6218
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1987.
 
 ORDER
 Before CORNELIA G. KENNEDY, MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 
 1
 This case is before the court upon consideration of plaintiff's motion for appointment of counsel. The appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and plaintiff's informal brief, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff appeals from a summary judgment and orders directing verdicts for the defendants in his suit filed under 42 U.S.C. Sec. 1983. On appeal, plaintiff contends that defendants violated his due process rights by denying him the right to call his wife and daughter as witnesses at a prison disciplinary hearing and by failing to seek out and consider exculpatory evidence. However, the record clearly reflects that plaintiff, both personally and through inmate counsel, expressly waived his right to call his wife and daughter to testify at the hearing. Therefore, the district court correctly concluded that plaintiff's limited right to call witnesses was not violated under these circumstances, and correctly directed a verdict for defendants on this issue. See Ponte v. Real, 471 U.S. 491, 498-99 (1985).
 
 
 3
 Plaintiff also contends that the results of a collateral state investigation into the subject matter of the disciplinary hearing were available to the committee but were not obtained or considered. However, plaintiff did not attempt to present the alleged exculpatory evidence to the committee. Under these circumstances, plaintiff's right to compile and submit documentary evidence was not denied. See Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974). Due process does not require prison officials to discover exculpatory evidence merely because plaintiff alleges that it exists.
 
 
 4
 Therefore, plaintiff's motion for appointment of counsel is denied, and the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.